IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LANIER DAVENPORT                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 4:02CV5-P-A

NAGUCHI TRADING COMPANY, INC.,
ET AL                                                                         DEFENDANTS

REPORT AND RECOMMENDATION

This case comes before the court *sua sponte*. Upon review of the docket, and having scheduled and called for hearing a Final Pre-Trial Conference in this case on February 15, 2006, at which no party appeared, the undersigned recommends that this case be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution.

This case was originally filed on January 7, 2002. The Complaint listed as defendants Naguchi Trading Company, Inc., Golden Girl Trust; George W. Hood, Jr., V. L. Sandifer, James A Waters, Calvin Smith, Jack Chapman, Leon Loucks, Bob Pescue, Robert Hemme, Al Kossman and John Does 1-10. Of these defendants, every defendant who has answered, excepting only Al Kossman, has filed a motion to dismiss and the court has granted the same. Of the remaining defendants, James Waters was dismissed on February 14, 2006, pursuant to a suggestion of death and Order of this court granting dismissal. Therefore, the only remaining defendants are Naguchi Trading Company, Inc., Golden Girl Trust, Bob Pescue, Robert Hemme and Al Kossman. None of these remaining defendants, except Mr. Kossman, has ever filed an Answer or other responsive pleading in this case.

1

The case was originally set for trial in April 2004.  It was twice continued and then reset with the final trail date set for March 2006.  On March 4, 2005 the office of the undersigned sent notice to all parties setting a Final Pre-Trial Conference in this case for February 15, 2006.  Although the parties had over a year's notice of the Final Pre-Trial Conference, no one appeared at the appointed time for the conference.  To date, there has been very limited discovery, in the form of core disclosures made by the defendants who have been dismissed disclosing information to the plaintiff, and no discovery by the plaintiff.  There has been relatively no activity in this case since the last time the trial was reset and the Notice setting the Final Pre-Trial Conference was sent.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court. . . ."  Given the stagnant nature of this case, the failure of the parties to appear for the Final Pre-Trial Conference, and the fact that most of the remaining defendants in this case have never filed an answer or other responsive pleading, the undersigned recommends that  the plaintiff's claims against the remaining defendants be dismissed without prejudice pursuant to Rule 41(b).

The parties are referred to 28 U.S.C. §636(b)(1)(B) and FED. R. CIV. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations.  Objections are required to be in writing and must be filed within ten (10) days of this date and "a party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the

district court . . . ." *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*) (citations omitted).

      RESPECTFULLY SUBMITTED, THIS, the 23rd of February, 2006.

      /s/ S. ALLAN ALEXANDER
      S. ALLAN ALEXANDER
      UNITED STATES MAGISTRATE JUDGE